UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRAXTON LEBLANC ET. AL., individually and on behalf of all others similarly situated** | **CASE NO.:** |
| **VERSUS** | |
| **ASSUMPTION PARISH SCHOOL BOARD** | |

## COMPLAINT – FLSA COLLECTIVE ACTION

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, individually and on behalf of other similarly situated individuals, and respectfully submit this Complaint.

### *Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter is brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

### *Venue*

2.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) & (2) because the Defendant is a resident of this district and a substantial part of the events and omissions giving rise to the claim occurred within this district. Specifically, Defendant is a political subdivision that is located within the Parish of Assumption, State of Louisiana. Further, the events giving rise to this litigation occurred within the Parish of Assumption State of Louisiana.

### *The Plaintiffs*

3.

Made Plaintiffs herein are the following:

- Braxton LeBlanc, a person of the full age of majority;

- Eartherla Batiste, a person of the full age of majority;

- Linda Williams, a person of the full age of majority;

- Dina Aucoin, a person of the full age of majority;

- Renmeter Tucker, a person of the full age of majority;

- Jackie Williams, a person of the full age of majority;

- Patrice Dorsey, a person of the full age of majority;

- Lisa Theriot, a person of the full age of majority;

- Desiree Williams, a person of the full age of majority;

- Jill LeBlanc, a person of the full age of majority;

- Trulane Brown, a person of the full age of majority;

- Robin Bergeron, a person of the full age of majority;

- Alicia Carter, a person of the full age of majority.

*The Defendant*

4.

Made Defendant herein and liable unto Plaintiffs and those similarly situated is the Assumption Parish School Board ("APSB"), which is a political subdivision of the Parish of Assumption, State of Louisiana.

*Statement of Facts*

5.

Plaintiffs and members of the putative collective action class were hired by the Defendant as either (1) school bus operators, or (2) school bus attendants.

6.

Defendant maintains Policy GBAA that provides that "[t]he minimum wage paid on an hour-by-hour basis to all school system employees whether full-time or part-time, permanent or temporary, and shall be at least equal to the federal minimum wage."

7.

Defendant's Policy GBAA further provides that "[h]ours worked shall be defined as all time from the moment an individual actually begins work (any prep such as changing clothes on-site toget [sic] ready to work is counted as time worked) until the individual finishes work for the day. . . ."

8.

Defendant's Policy GBAA is incorporated in and apart of all employment agreements between Plaintiffs and members of the putative collective action class and the Defendant.

9.

Plaintiffs and members of the putative collective action class contracted with the Defendant to perform labor as either school bus operators or school bus attendants and were to be paid an hourly wage for 5 hours a day.

10.

Despite being paid hourly and agreeing to a five-hour workday, Plaintiffs and members of the putative collective action were routinely required to work in access of five hours each workday without any compensation whatsoever.

11.

Plaintiffs and members of the putative collective action class were non-exempt employees of the Defendant. The FLSA requires that Plaintiffs and members of the putative collective action class be paid for all hours worked at a rate of no less than $7.25 for every hour worked.

12.

Defendant only paid Plaintiffs and members of the putative collective action class for five hours each workday regardless of whether they worked additional hours.

13.

Plaintiffs and members of the putative collective action class routinely worked in excess of five hours each workday. Specifically, Plaintiffs and members of the collective action class are required by Defendant to, among other activities, perform a pre-trip inspection, clean and sanitize their bus, perform a post-trip inspection, provide maintenance on the bus such as maintain the tire pressure, and to pump fuel for the bus. The Defendant requires Plaintiffs and members of the collective action class to perform this work outside of the five hours agreed upon as described above.

14.

All of the off-the-clock hours alleged herein were worked by Plaintiffs and members of the putative collective action class without any compensation whatsoever.

15.

29 U.S.C. §211 provides that "[e]very employer subject to any provision of this chapter or any order issued under this chapter shall make, keep, and preserve such records of the person employed by him and of the wages, hours, and other conditions and practices of employment maintained by him. . . ." However, despite Defendant's record keeping obligations under the

FLSA, Defendant does not track the number of hours worked for each Plaintiff or the members of the putative collective action class on a workday or workweek basis.

16.

Defendant directed Plaintiffs and the putative collective action class as to how, when, and where to perform their work. Defendant controlled the means and methods of their employment. Specifically, Defendant made decisions on where each school bus was to be parked at the end of each workday and the type of pre-trip and post-trip inspections required of Plaintiffs and members of the putative collection action class as part of their job duties.

### *FLSA Collective Action Allegations*

17.

Plaintiffs bring the claims set forth above on their own behalf and on behalf of all similarly situated persons employed, within the past three years, by Defendant as school bus operators and school bus attendants.

18.

The Defendant knows the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

19.

There are questions of fact and law common to the class, including whether Defendant failed to pay sufficient wages as required by the FLSA to individuals employed as school bus

operators and school bus attendants. Specifically, Plaintiff and those similarly situated were subject to the same off-the-clock working conditions for which they were not compensated.

20.

Defendant is an "employer" as that term is defined by the FLSA, 29 U.S.C. § 203 because it is a "Public Agency" as Defendant is a political subdivision of the State of Louisiana. Because Defendant is an "employer" under the FLSA, it is required to comply with all aspects of the FLSA.

21.

Plaintiffs and the collective action members that they seek to represent are similarly situated and are subject to the Defendant's unlawful employment practices outlined above. Plaintiffs will fairly and adequately represent and protect the interests of the members of the collective action. Attorneys for Plaintiffs are experienced in FLSA collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

### *Failure to Pay Overtime and Minimum Wages*

22.

Plaintiffs incorporates by reference the allegations contained in the preceding paragraphs.

23.

The FLSA applies to the Defendant's employment of Plaintiffs and all school bus operators and school bus attendants employed by Defendant.

24.

Plaintiffs and the putative collective action class are entitled to be paid at least the minimum wage for each hour that they worked throughout their employment with Defendant. Due to the forced off-the-clock hours worked, Plaintiffs and those similarly situated did not earn a minimum wage for the off-the-clock hours.

25.

The Defendant's violations of the FLSA were done intentionally or with willful disregard for their obligations under the FLSA.

26.

Attached hereto and made a part hereof as Exhibit A *in globo* are the *FLSA Consent to Sue* forms executed by Plaintiffs in accordance with 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs individually and on behalf of the collective action members they seeks to represent, pray for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. An award of damages as provided by the FLSA, including liquidated damages to be paid by Defendant;

3. An order appointing Plaintiffs and their counsel to represent the collective action members;

4. Reasonable attorneys' fees, costs, and expenses of this action as provided by FLSA;

5. Interest; and

6. Any other relief that this Court deems just.

Respectfully Submitted:

*/s/ James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
Brian F. Blackwell, Bar Roll No. 18119
*Blackwell & Bullman, LLC*
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
*Attorney for Plaintiffs*